### BROWN v. O. F. JONASSON & CO.

(Supreme Court, Appellate Term. March 5, 1908.)

CORPORATIONS—SALES—CONTRACT—RESCISSION.

Where plaintiff purchased stock through defendant broker, under an agreement by defendant to place the stock on the market in a few weeks, and after lapse of that time, with knowledge that the stock had not been placed on the market, accepted the certificate of stock, though she had had an ample period for disaffirmance of the contract, she could not recover for the price paid on the theory of a rescission and offer to restore.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Helen E. Brown against O. F. Jonasson & Co. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Charles Pope Caldwell, for appellant.

Weill & Weill, for respondent.

BISCHOFF, J. The breach of contract assigned was the failure of the defendant to cause the stock sold by it as a broker to the plaintiff to be placed upon the market. The sale was on October 26, 1906, and, taking the most favorable view of the proof, the defendant at that time agreed to cause the stock to be placed upon the market "in two or three weeks." Delivery of the certificate of stock appears to have been delayed until December 20th, and at that time the stock had not been placed upon the market, as the plaintiff knew. Thus she accepted the certificate and permitted the sale to become executed at a time when the breach of condition had taken place and an ample period for disaffirmance upon her part had already elapsed. The judgment rendered in her favor for the full purchase price can have been based on no theory other than that of a rescission and an offer to restore; but clearly the acceptance of the certificate after the breach precluded a later rescission, and at best the plaintiff's case could be supported only upon the ground of the breach of an agreement of warranty, surviving acceptance. For this breach, however, the damages would be measured by the difference between the value of the property purchased as warranted and with the warranty broken; but the evidence failed to establish a measure which could result in the damages expressed by this judgment.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.